# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ROCKWELL AUTOMATION, INC.,

               Plaintiff

    vs.

RADWELL INTERNATIONAL, INC.

              Defendant

Civ. Action No.:

**(JURY DEMAND)**

## COMPLAINT

Plaintiff Rockwell Automation, Inc. ("Rockwell"), by its attorneys and for its Complaint against Defendant Radwell International, Inc. ("Radwell"), alleges and states as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this lawsuit to remedy the substantial harm caused by Radwell's unlawful sale, marketing, and distribution of Unauthorized Rockwell Products (as defined more fully below). Despite Rockwell's attempt to convince Radwell to cease its unauthorized and illegal conduct, Radwell still has not done so. In addition, Rockwell is entitled to damages, attorneys' fees, and costs on account of Radwell's past and ongoing misconduct.

## THE PARTIES, JURISDICTION AND VENUE

2.      Plaintiff Rockwell Automation, Inc. ("Rockwell") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1201 South Second Street, Milwaukee, Wisconsin 53204.

3.      Defendant Radwell International, Inc. ("Radwell") is a corporation organized and existing under the laws of Pennsylvania, having its principal place of business at 111 Mount Holly Bypass, Lumberton, New Jersey 08048.

4.     This is an action arising under Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)); Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); N.J. Stat. Ann. § 56:4-1 *et seq.*; and New Jersey common law.

5.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

6.     This Court also has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship among the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

7.     This Court has personal jurisdiction over Radwell because Radwell's principal place of business is located in the State of New Jersey.  Radwell's headquarters is located in Lumberton, New Jersey.  Furthermore, Radwell has deliberately engaged in significant and continuous business activities within New Jersey.  Accordingly, Radwell has established minimum contacts with the District of New Jersey.

8.     Venue is proper in this district under 28 U.S.C. § 1391.

### BACKGROUND

9.     This action stems from (a) Radwell's unauthorized sale and marketing of Rockwell industrial automation controllers and other industrial automation components and parts that are not genuine goods, given, for example, the lack of a manufacturer's warranty with respect to the Unauthorized Rockwell Products, which render them materially different from authorized products; (b) Radwell's unauthorized sale and marketing of Rockwell industrial automation controllers and other industrial automation components and parts that Radwell has falsely advertised as being covered under warranty by Rockwell but which are not; (c) Radwell's unauthorized sale and marketing of Rockwell industrial automation controllers and other

industrial automation components and parts that Radwell falsely advertises as "Factory New," "Brand New," and as covered under a "Radwell Equivalent Warranty" when, in fact, they are not; and (d) Radwell's false and misleading use of Plaintiff's Trademarks as a source of origin, authorization, and/or sponsorship for the products Radwell sells, causing the public to purchase Radwell's products in the erroneous belief that Radwell is authorized, associated, sponsored by, or affiliated with Rockwell, when Radwell is not.

**<u>Rockwell's Products</u>**

10.     Rockwell is dedicated to industrial automation and assists customers around the world in becoming more efficient and productive.  Rockwell is the world's largest company dedicated to industrial automation and information, and is a leader in the development and production of industrial components and automation products and services. Rockwell is headquartered in Milwaukee, Wisconsin and employs over 22,000 people serving customers in more than 80 countries.

11.     Rockwell's core business is built around its industrial automation systems and related products.

12.     Rockwell sells an array of products and solutions in connection with its industrial automation systems, such as drives and motors, programmable automation controllers, sensors of all types (e.g., to measure weight, position, temperature, etc.), human-machine interfaces, power control products and power supplies, safety control devices, and post-sale maintenance and support devices.

13.     Rockwell invests heavily in research and development.  It spends over $200 million annually on the research and development of its industrial automation controllers and other industrial automation components and parts.

14.     Rockwell sells its industrial automation controllers and other industrial automation components and parts exclusively, either directly to customers or through authorized distributors.

15.     Rockwell offers a standard warranty on its products that were purchased directly from Rockwell or from Rockwell's authorized distributors.  Rockwell's standard warranty specifically provides that the warranty applies only to customers who purchase their product from "a Manufacturer-appointed distributor for the Products."

**Rockwell's Intellectual and Intangible Property Rights**

16.     Rockwell is the registered owner of the following trademarks on the Principal Register of the United States Patent and Trademark Office ("USPTO"), all of which are valid, subsisting and incontestable pursuant to 15 U.S.C. § 1065 (all collectively, "Plaintiff's Trademarks"):

| Trademark | Registration No. | Date |
|---|---|---|
| A-B (and Design) | 1172995 | 10/13/1981 |
| A-B (and Design) | 696401 | 04/19/1960 |
| A-B (and Design) | 693780 | 03/01/1960 |
| ALLEN-BRADLEY | 1172994 | 10/13/1981 |
| ALLEN-BRADLEY | 712800 | 03/21/1961 |
| ALLEN-BRADLEY | 712836 | 03/21/1961 |

(True and correct copies of the registration certificates are attached hereto as Exhibit A, and are hereinafter referred to as the "Allen-Bradley Trademarks.")

| Trademark | Registration No. | Date |
|---|---|---|
| ROCKWELL AUTOMATION | 2510226 | 11/20/2001 |
| ROCKWELL AUTOMATION | 2671196 | 01/07/2003 |
| ROCKWELL AUTOMATION | 2701786 | 04/01/2003 |

(True and correct copies of the registration certificates are attached hereto as Exhibit B, and are hereinafter referred to as the "Rockwell Automation Trademarks.")

| Trademark | Registration No. | Date |
|-----------|------------------|------|
| CONTROLLOGIX | 2412742 | 12/12/2000 |
| POWERFLEX (Stylized) | 2676617 | 01/21/2003 |
| POWERFLEX (Stylized) | 2685512 | 02/11/2003 |

(True and correct copies of the registration certificates are attached hereto as Exhibit C, and are hereinafter referred to as the "Other Product Trademarks.")

**Radwell Knowingly Sells Unauthorized Rockwell Products Throughout the United States**

17. Defendant Radwell International, Inc. is engaged in the business of purchasing and selling a variety of equipment, particularly industrial automation and other industrial electrical and electronic control devices. Defendant sells new and used equipment to customers throughout the United States.

18. In the industrial automation industry, the letters "PLC" are often used to refer to a "Programmable Logic Controller," a common product in the industry. Radwell uses those same three letters in the name of a website through which it sells its products, PLCCenter.com. In addition, some of the products sold by Radwell are Programmable Logic Controllers ("PLCs"), including ones manufactured by Rockwell.

19. Rockwell is one of the world's leading manufacturers and sellers of PLCs.

20. Radwell bills itself as the largest provider of new and used surplus industrial, electrical, and electronic control equipment in the world.

21. Without authorization from Rockwell, Radwell's website offers for sale thousands of Rockwell's industrial automation controllers and other industrial automation components and parts which contain Plaintiff's Trademarks (referred to herein as "Unauthorized Rockwell Products").

22. Radwell is not an authorized distributor of Rockwell's products.

23. Rockwell does not offer a warranty for service or repair of products that are not sold either by Rockwell directly or through Rockwell's authorized distributors. Accordingly,

buyers of Rockwell products sold by Radwell are not entitled to receive Rockwell's warranty protection. The material differences between Unauthorized Rockwell Products and genuine Rockwell products render the Unauthorized Rockwell Products as infringing products under U.S. trademark laws.

24.     Radwell has sold Rockwell industrial automation controllers and other industrial automation components and parts containing Plaintiff's Trademarks as "FNFP – Factory New Factory Package / Factory Warranty." Radwell did so with knowledge that Rockwell did not provide a warranty for those products. The material differences between these Unauthorized Rockwell Products and genuine Rockwell products render the Unauthorized Rockwell Products as infringing products under U.S. trademark laws.

25.     Radwell falsely advertised Unauthorized Rockwell Products as "FNFP – Factory New Factory Package / Factory Warranty" when, in fact, the Rockwell products sold by Radwell do not have any factory warranty provided by Rockwell.

26.     Radwell has and continues to sell and falsely advertise Unauthorized Rockwell Products containing Plaintiff's Trademarks as "Brand New" and "Factory New Factory Package (Radwell Equivalent Warranty)" even though these Unauthorized Rockwell Products are not "Brand New" or "Factory New" and are not covered by a "Radwell Equivalent Warranty." Radwell obtains its products from unauthorized sources who have previously purchased the product, and thus, the Rockwell products it sells cannot be accurately characterized as "Brand New" or "Factory New." Furthermore, Radwell's past and ongoing use of the term "Factory New" falsely advertises that the goods are coming straight from the "Factory," when in fact they are not; instead, the products are coming from unauthorized sources. Accordingly, although neither "Brand New"/ "Factory New," nor covered by a "Radwell Equivalent Warranty,"

Radwell knowingly sold and continues to knowingly sell, to unsuspecting customers, Unauthorized Rockwell Products as "Brand New," "Factory New," and as covered by a "Radwell Equivalent Warranty" when, in fact, the Unauthorized Rockwell Products are not.

27.     Radwell's false statements are intended to, and do, give consumers the impression that Radwell is offering the same Rockwell products as are offered by Rockwell when, in fact, that is not true.

28.     In selling the Unauthorized Rockwell Products, the purchasing public is likely to attribute to Rockwell, Radwell's use of Plaintiff's Trademarks as a source of origin, authorization and/or sponsorship for the products Radwell sells and, further, purchase Radwell's products in the erroneous belief that Radwell is authorized by, associated with, sponsored by, or affiliated with Rockwell, when Radwell is not.

29.     Radwell has made and continues to make its false and/or misleading statements with the intent to cause confusion and mistake, and to deceive the public into believing that Radwell is authorized by, associated with, sponsored by, or affiliated with Rockwell, when Radwell is not.  Rockwell has been damaged as a result.

30.     For example, Radwell's recent use of the term "Factory Warranty" falsely and misleadingly represents that Radwell is affiliated with Rockwell and that Rockwell will provide a warranty on the Unauthorized Rockwell Products, neither of which is true.  In addition, Radwell's past and current use of the term "Factory New" falsely and misleadingly advertises that Radwell is affiliated with Rockwell, when in fact, that is not true.

31.     In addition, in communications with certain of its customers in connection with the sale of Unauthorized Rockwell Products, Radwell makes false and misleading representations to customers that it is communicating with "the factory."  These communications

falsely and misleadingly represent that Radwell is authorized, associated, or affiliated with Rockwell, which is not true.

32.     Radwell's sale of Unauthorized Rockwell Products is likely to deceive, confuse, and mislead purchasers and prospective purchasers into believing that these products containing Plaintiff's Trademarks are authorized by or associated with Rockwell and are the same as the authorized units offered by Rockwell.  The likelihood of confusion, mistake, and deception caused by Radwell's sale of Unauthorized Rockwell Products is causing irreparable harm to Rockwell.

33.     Purchasers and prospective purchasers of Radwell's Unauthorized Rockwell Products who perceive a defect, lack of quality, or any impropriety are likely to mistakenly attribute them to Rockwell.  In addition, due to the highly specialized and technical nature of these products, Radwell's sale of the Unauthorized Rockwell Products poses a significant risk to the goodwill in Plaintiff's Trademarks and to the high regard in which those marks are held by potential buyers of these products.  By causing such a likelihood of confusion, mistake, deception, and potential injury, Radwell is inflicting irreparable harm to the goodwill in Plaintiff's Trademarks, which irreparably injures Plaintiff.

34.     Radwell's unlawful conduct will continue to harm Rockwell and deceive the public during the pendency of the case unless the Court issues a preliminary injunction to prevent such unlawful conduct.

**Radwell Refuses to Cease Its Misconduct**

35.     On or about February 23, 2015, Rockwell notified Radwell of its unlawful conduct, including that Radwell is committing both false advertising and trademark infringement in selling the Unauthorized Rockwell Products.  (February 23, 2015 Letter from John M. Miller

-8-

(Rockwell) to PLCCenter.com, a Division of Radwell International, Inc., attached hereto as Exhibit D.) Despite this notification, Radwell failed to cease its unlawful conduct.

36.     In a response dated March 6, 2015, the General Counsel of Radwell represented that "Radwell will remove the 'Factory Warranty' language from all parts associated with Rockwell Automation or Allen Bradley." (March 6, 2015 Letter from Anthony H. Chwastyk (Radwell) to John Miller (Rockwell), attached hereto as Exhibit E.)

37.     Despite this promise, even over a month after making this representation, Radwell failed to remove the factory warranty language from parts associated with Plaintiff's Trademarks. Accordingly, although not covered under warranty by Rockwell, Radwell knowingly sold and continued to attempt to knowingly sell, to unsuspecting customers, Unauthorized Rockwell Products as covered under warranty when, in fact, the Unauthorized Rockwell Products are not covered under warranty.

38.     Upon information and belief, it was only after Rockwell filed an initial lawsuit in the Eastern District of Wisconsin on April 27, 2015 that Radwell finally did actually remove the "Factory Warranty" verbiage from the website listings of certain of the Unauthorized Rockwell Products. Rockwell is entitled to damages on account of this past misconduct. In addition, as described more fully herein, Radwell's other misconduct continues, including (a) Radwell's unauthorized sale and marketing of Rockwell industrial automation controllers and other industrial automation components and parts that are not genuine goods, in violation of Rockwell's trademark rights; (b) Radwell's unauthorized sale and marketing of Rockwell industrial automation controllers and other industrial automation components and parts that Radwell falsely advertises as "Factory New," "Brand New," and as covered under a "Radwell Equivalent Warranty" when, in fact, they are not; and (c) Radwell's improper use of Plaintiff's

Trademarks as a source of origin, authorization and/or sponsorship for the products Radwell sells, causing the public to purchase Radwell's products in the erroneous belief that Radwell is authorized by, associated with, sponsored by, or affiliated with Rockwell, when Radwell is not.

39.　　Radwell continues to violate, inter alia, Rockwell's exclusive trademark rights and laws preventing (a) the sale of trademarked non-genuine goods; (b) false advertising; (c) false designation of origin; (d) trademark dilution; and (e) unfair competition.

**Additional Adverse Effects to Rockwell Stemming from Radwell's Unlawful Sale of Unauthorized Rockwell Products, False Advertising, and False Designation of Origin**

40.　　Rockwell, which sells products throughout the United States and around the world, has spent millions of dollars to create and ensure continued goodwill and loyalty among its customers and authorized distributors.

41.　　To achieve goodwill and loyalty from its customers, Rockwell expends considerable resources to ensure the quality of its products, in part by performing repairs under warranty and product recalls. Additionally, customers in the United States rely on the assumption that (a) the Rockwell products that they are purchasing are covered under warranty from Rockwell in the United States; (b) Rockwell products that are labeled as "brand new" and "factory new" actually are "brand new" and "factory new"; and (c) products that appear to be authorized sales from Rockwell and the Rockwell "factory" actually are authorized by Rockwell.

42.　　By selling Unauthorized Rockwell Products, Radwell creates a strong likelihood of confusion among Rockwell's customers, which has an adverse economic impact, not only on Rockwell, but also on Rockwell's consumers across the United States, who have purchased Unauthorized Rockwell Products from Radwell.

43.　　Similarly, to achieve goodwill and loyalty with its authorized distributors, Rockwell works hard to set fair prices, which are based in part on the cost of service under the

warranty.  Radwell's Unauthorized Rockwell Products are not covered under warranty, and Radwell is able to price the Unauthorized Rockwell Products well below the price that Rockwell's authorized distributors in the United States are able to charge.  As a result, Radwell's conduct injures not only Rockwell and its customers but also Rockwell's authorized distributors throughout the United States, who lose a sale every time Radwell knowingly sells any of the Unauthorized Rockwell Products at below market prices.

44.     In addition, knowing that Radwell can sell Unauthorized Rockwell Products below the price that Rockwell's authorized distributors can sell legitimate products from Rockwell, Radwell's conduct further harms Rockwell's authorized distributors.  Furthermore, Radwell's sale of the Unauthorized Rockwell Products harms both Rockwell and its authorized distributors given that Radwell's unlawful conduct results in pressure for prices to be reduced on legitimate Rockwell products.

45.     Accordingly, as a result of Radwell's continued sale of Unauthorized Rockwell Products, Rockwell has suffered and will continue to suffer irreparable harm to its goodwill and reputation with both its customers and its authorized distributors, for which there is no adequate remedy at law.  Moreover, this harm will have a negative effect on interstate commerce given that Rockwell's products are sold across the United States.

## COUNT I — TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

46.     Rockwell hereby restates and re-alleges the allegations set forth in the preceding paragraphs and incorporates them by reference.

47.     As alleged more fully herein, the USPTO has granted Rockwell federal trademark registrations for the trademarks consisting of or incorporating Plaintiff's Trademarks.

48.     Radwell's unauthorized sales and attempted sales of Unauthorized Rockwell Products containing Plaintiff's Trademarks to unsuspecting consumers is a violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

49.     Radwell's sale and continued sale of Unauthorized Rockwell Products has created a substantial likelihood of confusion and caused mistake and deception in consumers' minds because the Unauthorized Rockwell Products, although physically similar to legitimate Rockwell products, are materially different from legitimate Rockwell products.

50.     Radwell's unauthorized use of Plaintiff's Trademarks constitutes use in commerce, without the consent of Rockwell, of a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's Trademarks in connection with the advertisement, promotion, sale, and distribution of products and/or services.   Such use is likely to cause confusion or mistake, or to deceive customers, and therefore infringes Plaintiff's Trademarks, in violation of 15 U.S.C. § 1114(1).

51.     As a result of Radwell's continued sale of Unauthorized Rockwell Products, Rockwell has suffered and will continue to suffer irreparable harm to its goodwill and reputation with both its customers, who confuse the Unauthorized Rockwell Products for legitimate warranted Rockwell products, and its authorized distributors, whose prices Radwell is able to undercut by selling Unauthorized Rockwell Products not warranted by Rockwell.

52.     Rockwell has no adequate remedy at law for the above immediate and continuing harm.  Rockwell has been, and absent injunctive relief will continue to be, irreparably harmed by Radwell's actions.

### COUNT II — FALSE ADVERTISING (15 U.S.C. § 1125(a)(1)(B))

53.     Rockwell hereby restates and re-alleges the allegations set forth in the preceding paragraphs and incorporates them by reference.

54.     Radwell's unauthorized sales and attempted sales of Unauthorized Rockwell Products as legitimate Rockwell products to unsuspecting consumers constitutes false advertising, which is a violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

55.     Radwell has made false and/or misleading statements in commercial advertising regarding the Unauthorized Rockwell Products, which are likely to cause confusion and mistake, and to misrepresent the nature and characteristics of Radwell's goods and commercial activities, and have substantially affected interstate commerce. For example, Radwell has falsely advertised certain of the Unauthorized Rockwell Products as being covered under warranty by Rockwell, even though such products in fact are not covered under warranty by Rockwell. In addition, Radwell continues to advertise Unauthorized Rockwell Products as "Brand New," "Factory New," and as covered by a "Radwell Equivalent Warranty" when, in fact, the Unauthorized Rockwell Products are not.

56.     By its false advertising of the Unauthorized Rockwell Products, Radwell is unfairly competing with Rockwell and its authorized distributors, creating a substantial likelihood of confusion and causing mistake and deception in consumers' minds because the Unauthorized Rockwell Products, although physically similar to legitimate Rockwell products, are materially different from legitimate Rockwell products, which (a) have warranty protection from Rockwell; (b) are "Factory New"; and (c) are "Brand New."

57.     Radwell's unlawful conduct has deceived, and is likely to continue to deceive, a material segment of the consumers to whom Radwell has directed its marketing activities. Radwell's false and/or misleading statements are material in that they are likely to influence consumers to purchase products from Radwell and cause competitive and other commercial injuries to Rockwell. Radwell has made and continues to make its false and/or misleading

statements with the intent to cause confusion and mistake, and to deceive the public as to the nature, quality, or characteristics of Rockwell's products and its commercial activities. Rockwell has been damaged as a result.

58.     Rockwell has no adequate remedy at law for the above immediate and continuing harm. Rockwell has been, and absent injunctive relief will continue to be, irreparably harmed by Radwell's actions.

### COUNT III — FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)(1)(A))

59.     Rockwell hereby restates and re-alleges the allegations set forth in the preceding paragraphs and incorporates them by reference.

60.     Radwell's use of Plaintiff's Trademarks in the manner alleged herein constitutes a false designation of origin within the meaning of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), which is likely to cause confusion, mistake, or deception as to the affiliation, connection, source, origin, authorization, sponsorship, and/or approval of Radwell's commercial activities with respect to Plaintiff's Trademarks.

61.     The purchasing public is likely to attribute to Rockwell, Radwell's use of Plaintiff's Trademarks as a source of origin, authorization, and/or sponsorship for the products Radwell sells and, further, purchase Radwell's products in the erroneous belief that Radwell is authorized by, associated with, sponsored by, or affiliated with Rockwell, when Radwell is not.

62.     Radwell's actions have been conducted intentionally and willfully, with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the high-quality reputation of Rockwell, and to improperly appropriate to itself the valuable trademark rights of Rockwell.

63.     Radwell's unlawful conduct has deceived, and is likely to continue to deceive, a material segment of the consumers to whom Radwell has directed its marketing activities.

-14-

Radwell's false and/or misleading statements are material in that they are likely to influence consumers to purchase products from Radwell and cause competitive and other commercial injuries to Rockwell. Radwell has made and continues to make its false and/or misleading statements with the intent to cause confusion and mistake, and to deceive the public into believing that Radwell is authorized by, associated with, sponsored by, or affiliated with Rockwell, when Radwell is not. Rockwell has been damaged as a result.

64. As a result of Radwell's misconduct, Rockwell has suffered and will continue to suffer irreparable harm to its goodwill and reputation with both its customers and its authorized distributors.

65. Rockwell has no adequate remedy at law for the above immediate and continuing harm. Rockwell has been, and absent injunctive relief will continue to be, irreparably harmed by Radwell's actions.

## COUNT IV — TRADEMARK DILUTION (15 U.S.C. § 1125(c))

66. Rockwell hereby restates and re-alleges the allegations set forth in the preceding paragraphs and incorporates them by reference.

67. The Rockwell Automation trade name, the Allen-Bradley trade name, the Rockwell Automation Trademarks, and the Allen-Bradley Trademarks are "famous" as defined in 15 U.S.C. § 1125(c). Radwell's use of these marks constitutes a commercial use of these trademarks in commerce.

68. The Allen-Bradley trade name and the Allen-Bradley Trademarks are widely recognized by the general consuming public of the United States as a designation of source of goods and services. The Allen-Bradley trade name and the Allen-Bradley Trademarks are rooted in a history starting more than 100 years ago, going back to at least the year 1909, when the company originally formed in 1903 by Dr. Stanton Allen and Lynde Bradley was renamed

"Allen-Bradley."  In view of the vast reach of Allen-Bradley's brand, the Allen-Bradley trade name, and the Allen-Bradley Trademarks, both in the United States and around the world, Allen-Bradley was valued at over $1.6 billion as of 1985.  Today, given their recognition across the United States and around the world, the Allen-Bradley trade name and the Allen-Bradley Trademarks constitute one of the flagship brands of Rockwell Automation, a company that employs over 22,000 people serving customers in more than 80 countries.

69.      The Rockwell Automation trade name and the Rockwell Automation Trademarks are widely recognized by the general consuming public of the United States as a designation of source of goods and services.  The Rockwell Automation trade name and Rockwell Automation Trademarks are rooted in history dating back to the early- to mid-20th century with the work of industrialist and businessman Willard F. Rockwell.  Today, Rockwell Automation is a company that employs over 22,000 people serving customers in more than 80 countries.  Rockwell Automation earned over $6.6 billion in sales during the 2014 fiscal year.

70.      In violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), Radwell's sales and attempted sales of the Unauthorized Rockwell Products to unsuspecting customers has injured Rockwell's reputation and diluted the distinctive quality of the Rockwell Automation trade name, the Allen-Bradley trade name, the Rockwell Automation Trademarks, and the Allen-Bradley Trademarks.

71.      Although physically similar to legitimate Rockwell products, the Unauthorized Rockwell Products sold by Radwell are materially different from legitimate Rockwell products.  Radwell's misconduct and misrepresentations in connection with its sale of Unauthorized Rockwell Products tarnishes Rockwell's brand, injures Rockwell's reputation and dilutes the

distinctive quality of the Rockwell Automation trade name, the Allen-Bradley trade name, the Rockwell Automation Trademarks, and the Allen-Bradley Trademarks.

72. As a result of Radwell's continued sales of the Unauthorized Rockwell Products, Rockwell has suffered and will continue to suffer irreparable harm to its reputation and dilution of the distinctive quality of the Rockwell Automation trade name, the Allen-Bradley trade name, the Rockwell Automation Trademarks, and the Allen-Bradley Trademarks with both its customers, who confuse the Unauthorized Rockwell Products for legitimate Rockwell equipment, and its authorized distributors, whose prices Radwell is able to undercut by selling Unauthorized Rockwell Products not warranted by Rockwell.

73. Radwell's use of the Rockwell Automation trade name, the Allen-Bradley trade name, the Rockwell Automation Trademarks, and the Allen-Bradley Trademarks has diluted and/or is likely to dilute these marks by causing blurring and tarnishment. Among other things, Radwell's conduct is likely to cause blurring in the minds of consumers between, on one hand, the Rockwell Automation trade name, the Allen-Bradley trade name, the Rockwell Automation Trademarks, and the Allen-Bradley Trademarks and, on the other hand, Radwell. This thereby lessens the value of the Rockwell Automation trade name, the Allen-Bradley trade name, the Rockwell Automation Trademarks, and the Allen-Bradley Trademarks as unique identifiers of Rockwell products.

74. Rockwell has no adequate remedy at law for the above immediate and continuing harm. Rockwell has been, and absent injunctive relief will continue to be, irreparably harmed by Radwell's actions.

## COUNT V — STATUTORY UNFAIR COMPETITION
### (N.J. Stat. Ann. § 56:4-1 *et seq.*)

75.     Rockwell hereby restates and re-alleges the allegations set forth in the preceding paragraphs and incorporates them by reference.

76.     Radwell's acts set forth above constitute unlawful, unfair, or fraudulent business practices in violation of N.J. Stat. Ann. § 56:4-1 *et seq*.

77.     By reason of Radwell's infringing activities, Radwell has damaged and caused irreparable harm to Rockwell and unless restrained, will continue to damage and cause irreparable injury to Rockwell's goodwill and reputation.

78.     Radwell's acts have injured and will continue to injure Rockwell by, among other things, siphoning customers, diluting Plaintiff's Trademarks, confusing customers, and injuring Rockwell's reputation.

79.     Radwell's use of Plaintiff's Trademarks deceives customers and potential customers regarding the origin of goods and services offered by Radwell.

80.     Rockwell has no adequate remedy at law for the above immediate and continuing harm.  Rockwell has been, and absent injunctive relief will continue to be, irreparably harmed by Radwell's actions.

81.     Pursuant to N.J. Stat. Ann. § 56:4-2, Rockwell is entitled to injunctive relief and recovery of all direct and indirect damages, trebled within the discretion of the court.

## COUNT VI — COMMON LAW UNFAIR COMPETITION

82.     Rockwell hereby restates and re-alleges the allegations set forth in the preceding paragraphs and incorporates them by reference.

83. In connection with the promotion, marketing, and distribution of the Unauthorized Rockwell Products, Radwell has made certain factual misrepresentations including, but not limited to, those statements contained herein and incorporated herein by reference.

84. Such representations are material, as they are likely to deceive or mislead prospective customers and to encourage prospective purchasers to purchase the Unauthorized Rockwell Products instead of genuine Rockwell products.

85. Radwell's conduct is likely to confuse a prospective buyer or customer as to the origin, source, or sponsorship of Radwell's products, or to cause mistake or to deceive the public into believing that Radwell's sale of the Unauthorized Rockwell Products is authorized by Rockwell.

86. Radwell has promoted and deceptively marketed the Unauthorized Rockwell Products to the detriment of Rockwell, as many of Rockwell's customers and prospective customers have been and will be induced to purchase the Unauthorized Rockwell Products instead of Rockwell products based on Radwell's statements and conduct described more fully herein.

87. Rockwell's customers and prospective customers would not otherwise have purchased the Unauthorized Rockwell Products but for Radwell's conduct and representations described more fully herein.

88. Rockwell has a reasonable basis for believing that Radwell's misrepresentations and conduct, described more fully herein, have caused or are likely to cause a diversion of its customers to its competitors, to decrease Rockwell's profits, or to cause harm to Rockwell's reputation or goodwill.

89.     Radwell's conduct in deceptively marketing and promoting the Unauthorized Rockwell Products, and its other acts and conduct as described herein, are actionable as an unfair method of competition pursuant to the common law of New Jersey, and Rockwell has been damaged as a result of Radwell's unfair competition.

90.     Because Radwell's acts were undertaken with the intent to harm Rockwell in disregard of its rights, Rockwell is further entitled to an award of punitive damages against Radwell in an amount sufficient to punish it and to deter such conduct in the future.

91.     Rockwell has no adequate remedy at law for the above immediate and continuing harm.  Rockwell has been, and absent injunctive relief will continue to be, irreparably harmed by Radwell's actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rockwell Automation, Inc. prays for judgment as follows:

A.    For judgment that:

1. Radwell has violated Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1);

2. Radwell has engaged in false advertising in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B);

3. Radwell has engaged in false designation of origin in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A);

4. Radwell has engaged in trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c);

5. Radwell has engaged in unfair competition in violation of N.J. Stat. Ann. § 56:4-1 *et seq.*; and

6. Radwell has engaged in unfair competition in violation of the common law of the State of New Jersey.

B.    For a preliminary injunction and, thereafter, a permanent injunction restraining and enjoining Radwell and all of its agents, servants, employees, successors and assigns, and all persons in active concert or participation with Radwell (or its agents) from

    a.    Selling, marketing, advertising, importing, or purchasing Unauthorized Rockwell Products manufactured by Rockwell;

    b.    Using any of Plaintiff's Trademarks and/or any other confusingly similar designation, alone or in combination with other words, phrases, symbols or designs, as trademarks, trade names, domain name components or otherwise, to market, advertise, or identify Radwell's goods or services;

    c.    Otherwise infringing Plaintiff's Trademarks;

    d.    Representing by any means whatsoever, directly or indirectly, that any products or services offered or provided by Radwell are offered or authorized by Rockwell, or from otherwise taking any action likely to cause confusion, mistake, or deception on the part of consumers as to the source or origin of such products or services or as to any authorization, sponsorship, approval, or affiliation relationship between Radwell and Rockwell;

       e.      Affixing, applying, annexing, or using in connection with the manufacture, distribution, marketing, advertising, packaging, sale, and/or offering for sale or other use of any products or services, a false description or representation, including without limitation words, symbols, photographs, or product representations similar to those used by Rockwell, tending to falsely describe or represent such products or services as being those of Rockwell;

       f.      Unfairly competing with Rockwell in any manner whatsoever or otherwise injuring its business reputation in the manner complained of herein; and

       g.      Engaging in assignments or transfers, formation of new entities or associations or utilization of any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in sub-paragraphs (a) through (g) above.

C.      An order, under 15 U.S.C. §§ 1116 and 1118, requiring Radwell (including its employees and agents) to deliver to Rockwell (or allow Rockwell to pick up), or requiring to be destroyed, all Unauthorized Rockwell Products manufactured by Rockwell that are in Radwell's possession, custody, or control.

D.      An order, pursuant to 15 U.S.C. § 1116, requiring Radwell to file with this Court and serve upon Rockwell within 30 days after the entry of each of the preliminary and permanent injunctions a report, in writing and under oath, setting forth in detail the manner in which Radwell has complied with the preceding two paragraphs of this Prayer for Relief.

E.      An order:

    1.    awarding Rockwell, under 15 U.S.C. § 1117, all profits received by Radwell from the sales and revenues of any kind made as a result of Radwell's sales of Unauthorized Rockwell Products manufactured by Rockwell, and damages, to be determined, that Rockwell has suffered as a result of Radwell's sales and marketing of Unauthorized Rockwell Products (including, but not limited to, damages awarded pursuant to 15 U.S.C. § 1117 and N.J. Stat. Ann. § 56:4-2, trebled);

    2.    awarding Rockwell's attorneys' fees and costs;

    3.    awarding Rockwell damages, attorneys' fees, and costs to the fullest extent provided for by the common law of New Jersey;

    4.    awarding Rockwell pre-judgment and post-judgment interest; and

5. awarding Rockwell such other and further relief as this Court deems just and equitable.

## DEMAND FOR A JURY TRIAL

Plaintiff Rockwell Automation, Inc. demands a trial by jury on all issues so triable.

Dated:  July 6, 2015

Respectfully submitted,

By:  _s/ Jenny Kramer_____
Jenny Kramer
Paul J. Tanck (*pro hac vice* application to be submitted)
CHADBOURNE & PARKE LLP
1301 Avenue of the Americas
New York, NY  10019
Telephone:  (212) 408-5100
Facsimile:  (212) 541-5369
Email: jkramer@chadbourne.com
Email: ptanck@chadbourne.com

*Attorneys for Plaintiff*
*Rockwell Automation, Inc.*